THEODORE DEHON, *el al.*, v. RUTH FELLER, *et al.*

191 So. 201
Division B
Opinion Filed September 26, 1939

*Evans Crary,* for Appellants;

*Metcalf & Finch, W. F. Finch, T. T. Oughterson* and *C. Clyde Atkins,* for Appellees.

WHITFIELD, P. J.—This appeal is from a decree of the circuit court cancelling a tax sale certificate issued to the State in 1928 and transferred to a private party in 1931, and also cancelling a tax deed and other documents predicated upon such tax sale certificate. The publication of the notice of the tax sale for delinquent taxes for the year 1927 listed "Lot 104, Block 101," etc. The tax sale certificate issued pursuant to the publication and sale, covered "Lot 4, Block 101," etc. The error in describing the lot as 104, instead of 4, was not corrected, if that could have been done under Section 1, Chapter 14572, Acts of 1929.

When the tax sale certificate in this case was purchased from the State, Section 1 of Chapter 14572, Acts of 1929, was in force. Such section provided that the lien for taxes should continue until the taxes are paid, and limited the grounds for adjuding tax sale certificates to be invalid, and

also provided for correcting errors in tax sale proceedings; but the statute required published notices of tax sales for delinquent taxes to contain a description of the property to be offered for sale, which necessarily means a correct description as to afford due process of law in administrative proceedings to enforce the payment of taxes by the sale of lands on which the taxes are levied; therefore by necessary implication of law, the land to be sold should be correctly described in the published notice of sale, and there was, and is, no authority of law for issuing a tax sale certificate of the sale of Lot 4, Block 101, predicated upon the published notice of the contemplated sale of land described as Lot 104, Block 101. Section 1 of Chapter 14572, Acts of 1929, was amended by Section 2 of Chapter 17442, Acts of 1935. Section 894, C. G. L. Supp.

As the tax sale certificate covering Lot 4, Block 101, was not authorized to be issued on a published notice that Lot 104, Block 101, would be offered for sale for delinquent taxes, a tax deed could not legally have been issued upon such unauthorized tax sale certificate.

The chancellor decreed that the tax sale certificate, deed, etc., be cancelled upon payment by the land owner of the amount of the taxes, interest and penalties paid by the plaintiff claiming under the illegal tax sale certificate.

Affirmed.

BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.